No. 13,226.

WRIGHT, EXECUTOR *v.* HALLEY.

(33 P. [2d] 966)

Decided May 28, 1934.

Mr. MORTIMER STONE, Mr. ALDEN T. HILL, for plaintiff in error.

Mr. L. R. TEMPLE, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

IN December, 1926, W. Ed Wright, the father of plaintiff in error, gave a deed of trust on his irrigated farm in Larimer county, Colorado, to Norman G. Halley, to secure a note for $25,000, due January 1, 1932. One year later, Wright, the mortgagor, died. His will was probated in said county in February, 1928. The beneficiaries under the will are his widow and two sons, one of whom is executor under the will, and as such executor is plaintiff in error. The defendant in error was plaintiff in the trial court and the parties will be mentioned herein as they there appeared, as plaintiff and defendant.

The deed of trust became due January 1, 1932, and January 8, plaintiff filed suit in foreclosure and prayed for receiver. All interest and taxes were paid except interest due January 1st, and the only default alleged was the failure to pay the principal sum of $25,000. In an ex parte proceeding, a receiver for the rents, issues and profits was appointed by another trial judge of the district. January 25, Willis Edward Wright, Jr., personally, and as executor, filed motion to discharge the receiver. This motion raised the question of the jeopardy of the security. February 3, the motion was sustained and the receiver discharged. No appeal was taken from this judgment order. In April, foreclosure was decreed by the court on default, and finding entered in favor of plaintiff that there was due him $26,483.70, and $500 attorney's fees and $16 costs. Sale of the property was had by the sheriff on May 7th. Plaintiff bought the property in for $25,000, leaving a deficiency of $2,167.38. After sale, and in June, plaintiff filed a new application for receiver, alleging the deficiency, the failure to pay for fire insurance, also water assessments and second half of the current taxes, not then due, also to collect rents, issues and profits. The court heard this motion and entered finding, that the first half of the taxes had

been paid by defendants, and that defendants had offered to pay the fire insurance and water assessments into court, and found that if paid according to said offer, there would be no element of waste; it further found that ''under the provisions of the deed of trust, * * * a receiver should be appointed to collect the rents, issues and profits for the purpose of applying the same to the deficiency hereinbefore mentioned,'' and a receiver was appointed. The order appointing the receiver provided that the estate's share of the crop rental be impounded for the purpose of applying same ''to the deficiency hereinbefore mentioned.'' It is agreed by the parties hereto that no personal judgment was taken in this action, because the note, as a claim against the estate of the maker, was never filed; and that the estate is solvent.

To reverse the order appointing the receiver, four grounds are set forth: (1) That the right of the mortgagee to impound the assets of the estate was determined by the failure to file the claim against the estate in the probation thereof; (2) the order discharging the ex parte receiver, when it became final, was res judicata as to the right to a receiver; (3) a receivership is an equitable remedy, and not a contract right; (4) the appointment of a receiver in this case was contrary to the rules governing receiverships, as laid down by this court.

The deed of trust contained the provision: ''That in case of any default, whereby the right of foreclosure occurs hereunder, * * * the holder of said note or certificate of purchase, shall at once become entitled to the possession, use and enjoyment of the property aforesaid, and to the rents, issues and profits thereof, from the accruing of such right and during the pendency of foreclosure proceedings and the period of redemption, * * * and * * * shall be entitled to a receiver for said property, and of the rents, issues and profits thereof, after any such default, * * * and revenue therefrom shall be applied by such receiver to the payment of the indebted-

ness hereby secured, according to law and the orders and directions of the court.''

Section 5344, Compiled Laws of Colorado, 1921, provides: ''No deficiency judgment shall be rendered against an estate in any such case if the foreclosure suit be not begun within one year from the issue of letters unless the indebtedness shall have been within such year presented for proof and allowance as a claim against said estate.''

■ Plaintiff took no action toward that end in the estate, neither did he begin foreclosure within the year. If a deficiency judgment in this case is thus barred, it follows that a mere finding of a deficiency, which has none of the force and effect of a judgment, cannot be recognized as a substitute, by which the mortgagor could be deprived of the benefits of his right to possession during the redemption period.

The original application for receiver was based on the provisions of the deed of trust and the danger to the security. In ex parte proceedings, a receiver was appointed. On motion of defendant to discharge the receiver, all these questions were put in issue, and determined against the receivership, and the receiver discharged. The second receivership, complained of here, was based upon a finding, not a judgment, of deficiency after sale. No change of condition of security was involved.

■ This land was leased from the estate on a crop rental basis. The estate's share of the crops became assets of the estate. The statute above quoted prescribed the only means whereby the assets of the estate could be reached for the indebtedness. When the claim here in question was not proved in the estate proceeding, the allowance of a receiver to impound an asset of the estate to pay such, is a plain circumvention of the statute and the enforcement by the court of the collection of a claim on which the court could not enter a judgment. This trust deed vested no legal title in the plaintiff, but cre-

ated a lien on the land only. The crops were not then in existence.

Plaintiff's claim of deficiency in reality represents nothing that is capable of enforcement. It would have been completely obliterated at any moment redemption occurred by the payment of $25,000. Equity would prevent waste on the $25,000 indebtedness during redemption period, but not for the amount here claimed above $25,000 or the amount bid, for in law there is no deficiency against the estate, and to appoint a receiver to impound assets of an estate to pay a claim that does not exist against the estate, is a nullity; furthermore, the items claimed by plaintiff to be waste, but disputed by defendant, were not included in the amount found to be deficient. This claimed deficiency was made up of other distinct items hereinbefore enumerated.

The element of waste, if any there was, did not remain in such form as to justify receivership, for the reason that at the hearing, when a showing was made that $117 was claimed under this phase of the case, defendant offered to pay same into court. Plaintiff contends that consideration should not be given this offer because defendant did not actually make the payment into court. Defendant and the estate were deprived of possession by appointment of the receiver. Defendant, as executor of the estate, must personally account for expenditures made on behalf of the estate, and in this case, had defendant made expenditures for the items in question, after the estate had been deprived of possession by the receiver, they would have been, to say the least, questionable as proper on behalf of the estate and could have been charged, if improper, to the defendant personally. The insolvency question was eliminated by plaintiff himself through his failure to pursue the remedy provided by statute against the estate, which, in this case, is admitted to be solvent.

There was no deficiency against the estate, much less a judgment, therefore the order appointing the receiver at

the time and under the circumstances was wrong, and we do not find it necessary to further discuss the other points urged by counsel for plaintiff in error for reversal.

The judgment is reversed and the cause remanded with directions to the trial court to allow defendant to pay into court such an amount as may be found to be necessary to prevent waste of the $25,000 indebtedness secured, within 30 days from such finding, if any. If paid as directed, the receivership shall terminate; if not so paid, the receiver shall pay such amounts out of rents and profits coming into his hands, then account to defendant for any amount in excess thereof that may have been collected, and be discharged.

Judgment reversed and the cause remanded for proceedings as herein outlined.

Mr. Justice Campbell not participating.